UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER TAFT LANDERS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CASE NO.  5:10-CV-0755-HGD |
| | ) |
| **BILLY MITCHEM, Warden; LUTHER STRANGE,** Attorney General of Alabama, | ) ) ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This cause is now before the court on Objections to the Magistrate Judge's Report and Recommendation, filed by the respondents, Billy Mitchem and Luther Strange.[1]  (Doc. 9.)[2] In his Petition, (doc. 1), petitioner Christopher Taft Landers, contends that his guilty plea should be set aside because he received ineffective assistance of counsel.  Specifically, Landers contends that his counsel misinformed him about the number of years he would have to serve before he would be eligible for parole. The Magistrate Judge issued a Report and Recommendation, which recommends that this case be referred to the Magistrate Judge for the purpose of "conduct[ing] an evidentiary hearing on petitioner's claim that his guilty plea

---

[1]The Petition was originally filed against Troy King as Attorney General of Alabama. Luther Strange took office as Alabama's Attorney General in January 2011.  Therefore, he is substituted for Troy King pursuant to Fed. R. Civ. P. 25(d).

[2]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

was involuntary and induced by ineffective assistance of counsel, after which a supplemental report and recommendation will be entered." (Doc. 8 at 22.) Respondents filed Objections to the Report and Recommendation. (Doc. 9.) Upon consideration of the Objections, the Report and Recommendation, as well as the court's record, the court finds that the Objections are sustained, that the Report and Recommendation Petition is rejected, and that the Petition is due to be denied.

## I.  THE SCOPE OF FEDERAL HABEAS REVIEW

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 780 (2011). "Judges must be vigilant and independent in reviewing petitions for the writ, a commitment that entails substantial judicial resources.  Those resources are diminished and misspent, however, and confidence in the writ and the law it vindicates undermined, if there is judicial disregard for the sound and established principles that inform its proper issuance." *Id*. "The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Id*. at 783.

Pursuant to 28 U.S.C. § 2254(a), a federal district court is prohibited from entertaining "[a]n application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court" unless the petitioner alleges "he is in custody in violation of the Constitution or laws or treaties of the United States."  In other words, this court's review

of habeas claims is limited to federal constitutional questions. Claims pertaining solely to questions of state law fall outside the parameters of this court's authority to provide relief under § 2254. Thus, unless otherwise expressly stated, use of the word 'claim' in this opinion presupposes a claim of federal constitutional proportion.

When Congress enacted the AEDPA, it limited the circumstances under which a habeas petitioner could obtain relief. Indeed, under the AEDPA, a petitioner is entitled to relief on a federal claim only if he shows that the state court's adjudication of his claim on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or that the state court's adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); s*ee also Brown v. Payton*, 544 U.S. 133, 141 (2005); *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005); *Williams v. Taylor*, 529 U.S. 362, 404 (2000); *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). "Moreover, a state court's factual determinations are presumed correct unless rebutted by clear and convincing evidence." *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005)(citing 28 U.S.C. § 2254(e)(1)).[3] "[A] federal court must take into account [the deferential standards prescribed by § 2254(d)]

---

[3]The Supreme Court has declined to address explicitly whether a state court's finding of fact should be reviewed under § 2254(d)(2), for reasonableness in light of the evidence in the state court's record, or under the more deferential standard of § 2254(e)(1) presumption of correctness unless rebutted by clear and convincing evidence. *See Wood v. Allen*, 130 S. Ct. 841, 849 (2010).

in deciding whether an evidentiary hearing is appropriate." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1399 (2011)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)(internal quotations omitted). "[T]his means that when the state-court record precludes habeas relief under the limitations of § 2254(d), a district court is not required to hold an evidentiary hearing." *Id*. (quoting *Schriro*, 550 U.S. at 474)(internal quotations omitted).  Also, "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petition must overcome the limitation of [§ 2254(d)(2)] on the record that was before the state court," and "evidence introduced in federal court has no bearing on [§ 2254(d)(2)] review." *Id*. at 1400 and n.7.

Section 2254(d) requires that "any claim that was adjudicated on the merits in State court proceedings" be accorded deference in the federal courts.  *See* 28 U.S.C. § 2254(d).

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.
>
> The reasons for this approach are familiar. Federal habeas review of state convictions frustrates both the States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights. It disturbs the State's significant interest in repose for concluded litigation, denies society the right to punish some admitted offenders, and intrudes on

> state sovereignty to a degree matched by few exercises of federal judicial authority.
>
> Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions.

*Harrington*, 131 S. Ct. at 786-87 (internal citations and quotations omitted). Therefore, the question is not whether the state court "correctly" decided an issue of fact, but whether its determination was "reasonable," even if incorrect. *See Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington*, 131 S. Ct. at 786 (internal citations and quotations omitted).

## II.  DISCUSSION

In ruling on petitioner's state-court petition for post-conviction relief, the state court found that the performance of petitioner's trial counsel, John Mays, did not fall outside the range of competence demanded of attorneys in criminal cases. Specifically, without the benefit of oral testimony and considering conflicting affidavits, the state court found, "as a matter of fact[,] that [Mays] correctly advised [Landers] regarding the minimum amount of time he would have to serve if sentenced to a term of eighteen (18) years upon conviction for sodomy in the first degree, that is, that he would have to serve at least eighty-five (85) percent of his sentence." (Doc. 5-1 at 6.) The state court noted it had "personal knowledge of the proceedings and of counsel's significant experience representing criminal defendants who are charged with sexually based offenses." (*Id*. at 12.) Also, it noted that it "may elect

to make findings of fact on disputed issues based upon affidavits submitted by parties where, as in this case, the claims of a Rule 32 petitioner are fully set out in a sworn petition and are supported by sworn affidavit[s], and the State's motion to dismiss the petition is supported by a sworn affidavit joining the issues." (*Id*. at 6 n.1.)  This decision was affirmed by the Alabama Court of Criminal Appeals and writ of certiorari to the Alabama Supreme Court was denied.[4]

The Magistrate Judge noted that Landers's claim fell within § 2254(d)(2), which provides for habeas relief when the claim is adjudicated on the merits in the state courts and the proceedings in the state courts "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.  (*See* doc. 8 at 17 [citing 28 U.S.C. § 2254(d)(2)].)  The Magistrate Judge determined that the state court's finding – that Mays had informed Landers that he would be required to serve 85% of his sentence before he was eligible for parole – is unreasonable based on the fact that only affidavits were considered.  (*See id*. 14-15.)

The Magistrate Judge concluded that an evidentiary hearing, pursuant to § 2254(e), is required to determine whether petitioner's counsel actually informed him of the

---

[4]The Alabama Supreme Court granted Landers's original petition for writ of certiorari and reversed the decision of the Court of Criminal Appeals that had dismissed Landers's appeal as untimely.  *Ex parte Landers*, 53 So. 2d 877, 878 (Ala. 2009).  According to the Supreme Court's Reporter of Decisions, "On October 2, 2009, on remand from the Alabama Supreme Court, the Court of Criminal Appeals affirmed, without opinion.  On October 30, 2009, that court denied rehearing, without opinion.  On February 12, 2010, the Supreme Court denied certiorari review, without opinion (1090182)."  *Id*. at 878 n.*.

6

consequences of his guilty plea; he found the state procedure "was not adequate to afford a full and fair hearing and the merits of the factual dispute were not fairly resolved in the state hearing." (*Id*. at 22.) The court has found no case holding that Alabama's procedure of allowing for credibility determinations in post-conviction proceedings to be based on a paper record, *see* Ala. R. Crim. P. 32.9(d), violates petitioner's constitutional rights. Frankly, the court expected to find some caselaw discussing the issue of whether a habeas petitioner has the right to confront and to challenge his trial counsel's sworn affidavit testimony during post-conviction proceedings raising claims of ineffective assistance of counsel. However, no such precedent for claims arising under the AEDPA was found.[5]

The Magistrate Judge cites to cases predating the AEDPA and to a former section of 2254. (*See* doc. 8 at 16-17 [citing 28 U.S.C. § 2254(d)(2); *Smith v. Zant*, 887 F.2d 1407, 1433 n. 15 (11th Cir. 1989)(en banc)(Kravitch, J., concurring in part and dissenting in part); *Agee v. White*, 809 F.2d 1487, 1494 n.3 (11th Cir. 1987)].) Indeed, prior to the AEDPA, a federal court could hold an evidentiary hearing if the petitioner did not get a "full and fair hearing." *See* 28 U.S.C. § 2254(d)(1995).[6]

---

[5] However, in a case under 28 U.S.C. § 2255, this court held, ""[T]he acumen gained by a trial judge over the courts of the proceedings [makes him] well qualified to rule on the basis of affidavits **without a hearing**." *Snoddy v. United States*, Nos. 2:08-CV-8044-JHH-PWG, 2:07-cr-0069-JHH-PWG, 2012 WL 1745591, *7 (N.D. Ala. Apr. 20, 2012)(quoting *United States v. Schlei*, 122 F.3d 944, 994 (11th Cir. 1997)(quoting *United States v. Hamilton*, 559 F.2d 1370, 1373–74 (5th Cir.1977)))(Greene, M.J.).

[6] The prior version of § 2254(d)(2) stated:

(d) In any proceeding instituted in a Federal court by an application for a writ

Without some caselaw to suggest otherwise, the court finds that not all reasonable

> of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear . . . –
>
> . . .
>
> (2)  that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;
>
> . . .
>
> And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of . . . . the circumstances respectively set forth in paragraph[ ] numbered [(2)] is shown by the applicant [or] otherwise appears . . ., the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

28 U.S.C.A. § 2254(d)(1995).  In the AEDPA, this subsection was redesignated subsection (e) and:

> in subsec. (e), as so redesignated, substituted provisions establishing presumption of correctness of issues determined by State courts unless rebutted by the applicant by clear and convincing evidence, and limiting the requirement of holding evidentiary hearings, in cases where the applicant has failed to develop the factual basis of a claim in State court proceedings, to cases in which the claim relies on a new retroactive rule of constitutional law or facts not previously discoverable through due diligence, for provisions which had stated that a presumption of correctness existed unless the applicant were to establish or it otherwise appeared or the respondent were to admit that any of several enumerated factors applied to invalidate the State determination or else that the factual determination by the State court was clearly erroneous.

28 U.S.C. § 2254, Historical and Statutory Notes – Senate Revision Amendments.

jurists would agree that a credibility choice between contradicting affidavits, made without the benefit of oral testimony, was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(2).

"[The] AEDPA sharply limits the circumstances in which a federal court may issue a writ of habeas corpus to a state prisoner whose claim was "adjudicated on the merits in State court proceedings." *Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013)(citing 28 U.S.C. § 2254(d)). As set forth above, § 2254(d)(2) provides, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . (2) resulted in a decision that was based on an *unreasonable* determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2)(emphasis added). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Holsey v. Warden, Georgia Diagnostic Prison*, 694 F.3d 1230, 1260 (11th Cir. 2012)(quoting *Wood v. Allen*, 558 U.S. 290, \_\_\_\_\_, 130 S. Ct. 841, 849 (2010) "Instead, if some fairminded jurists could agree with the state court's decision, although others might disagree, the state court's decision is not unreasonable. To be unreasonable, the error in the state court's finding must be so clear that there is no possibility for fairminded disagreement." *Id*. (quoting *Harrington*, 131 S. Ct. at 786-87; *Hill v. Humphrey*, 662 F.3d 1335, 1346 (11th Cir. 2011)).

9

The state court's factual finding – that Mays informed Landers of the correct calculation of his date of eligibility for parole – does not meet this standard and, therefore, this court does not find that the finding of fact is unreasonable based on the state court's record.

The court notes Mays's affidavit clearly and unequivocally states that he repeatedly told Landers that Landers would have to serve 85% of his 18-year sentence if convicted of the sodomy charges. (*See* doc. 5-1 at 47.) Although Landers, his mother, and his step-father submitted affidavits that contradicted Mays's sworn statement, (*see* doc. 5-1 at 28-29, 54-57), such contradictory evidence does not demonstrate that the state court's finding of fact, which is clearly supported by Mays's affidavit testimony, was unreasonable, even if that fact, in light of Landers's evidence, is debatable. *See Wood*, 130 S. Ct. at 850.

Without a showing that the state court's finding of fact regarding Mays's statements to Landers before he entered his guilty plea is unreasonable, petitioner cannot establish his ineffective of assistance of counsel claim. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court has established a national standard for judging the effectiveness of criminal defense counsel under the Sixth Amendment. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland*, 466 U.S. at 686.

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two

>components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687. "[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012)(quoting *Hill v. Lockhart,* 474 U.S. 52, 58 (1985)).

However, because Landers has not shown that the state court's finding that Mays gave him the correct information regarding his eligibility for parole was an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, Landers cannot establish that Mays "made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *See id*.

Based on the foregoing, the court finds Landers's Petition for Writ of Habeas Corpus, (doc. 1), is due to be denied without an evidentiary hearing. Therefore, Respondents' Objections to the Magistrate Judge's Report and Recommendation, (doc. 9), are **SUSTAINED**, and the court **REJECTS** the Report and Recommendation.

An Order denying Landers's Petition for Writ of Habeas Corpus, (doc. 1), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 27th day of March, 2013.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE